1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOSE L. RODRIGUEZ, | ) Case No. CV 12-9256 JCG |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] | ) ) ) |
| Defendant. | ) ) |
| | ) |

Jose L. Rodriguez ("Plaintiff") challenges the Social Security Commissioner's decision denying his applications for disability benefits.  Specifically, Plaintiff contends that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence because it did not account for the medical evidence presented to the Appeals Council after the issuance of the ALJ's decision.  (Joint Stip. at 3-6.)  The Court agrees with Plaintiff for the reasons stated below.

/ / /

  A.    The District Court Must Consider the Record as a Whole, Including

_____

  [1/]  Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

<u>Newly Admitted Evidence</u>

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's final decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence, and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Moreover, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).  When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence based on the record as a whole.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

B.    <u>The ALJ's Decision Was Not Supported by Substantial Evidence</u>

Here, the ALJ found that Plaintiff was not disabled based upon the medical record as it existed at the time of the hearing.  Specifically, the ALJ considered summary reports from consultative examiners Drs. Klein and Riahinejad, and brief evaluations from non-examining medical consultants Drs. Balson and Ligot. (Administrative Record "AR" at 31.)  The ALJ gave great weight to the opinions of Drs. Riahinejad and Balson who found that Plaintiff was malingering and his

1  impairments were non-severe.  (*Id.* at 32, 262-68.)  Accordingly, the ALJ found that
2  Plaintiff had no non-exertional limitations.  (*Id.* at 32.)

3       However, the ALJ ignored records from Plaintiff's repeated visits to the
4  emergency room at Los Angeles Community Hospital.  There, doctors found that
5  Plaintiff suffered from a severe anxiety problem, panic attacks, and depression.  (*Id.*
6  at 308-09, 314, 322.)  These records support a diagnosis of depression and anxiety
7  disorder.  Moreover, records from the Northeast Mental Health Clinic further
8  support the above diagnosis.  (*Id.* at 338-46.)

9       More vital to the outcome of Plaintiff's disability determination are the
10  records submitted to the Appeals Council following the ALJ's decision.  (*Id.* at 3-7);
11  *Taylor*, 659 F.3d at 1232 (the Court shall consider such evidence in deciding
12  whether the ALJ's decision was supported by substantial evidence).  This newly
13  submitted evidence describes the extent of Plaintiff's illness and how it bears on his
14  ability to work.  In particular, a Mental Impairment Questionnaire Form completed
15  by Dr. Desmond Chiong, who started treating Plaintiff in 2010, reveals a diagnosis
16  of "severe depression and anxiety."  (AR at 335.)  Dr. Chiong further reported that
17  Plaintiff "has been suffering from depression and anxiety since his teenage years"
18  and his "symptoms impaired his ability to work and impact his cognitive ability as
19  he is unable to concentrate."  (*Id.* at 367.)  Even with medication, Plaintiff "still
20  experiences high anxiety."  (*Id.*)

21       Because the ALJ's decision did not consider this new evidence, the Court
22  finds that the decision denying benefits was not supported by substantial evidence.

23       C.    <u>Remand is Warranted</u>

24       With error established, this Court has discretion to remand or reverse and
25  award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
26  useful purpose would be served by further proceedings, or where the record has been
27  fully developed, it is appropriate to exercise this discretion to direct an immediate
28  award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

1  But where there are outstanding issues that must be resolved before a determination

2  can be made, or it is not clear from the record that the ALJ would be required to find

3  a plaintiff disabled if all the evidence were properly evaluated, remand is

4  appropriate.  *See id.* at 594.

5          Here, the ALJ must be given an opportunity to consider Plaintiff's claim in

6  light of the newly presented evidence.  Therefore, on remand, the ALJ shall

7  reevaluate Plaintiff's application in light of the medical evidence as a whole,

8  including the evidence newly submitted to the Appeals Council.[2/]

9          Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

10 **REVERSING** the decision of the Commissioner denying benefits and

11 **REMANDING** the matter for further administrative action consistent with this

12 decision.

13

14 Dated: January 13, 2014

15

16                                    _____

17                                              Hon. Jay C. Gandhi

18                                         United States Magistrate Judge

19

20

21

22

23

24 _____

25 [2/] The ALJ is required to reevaluate newly submitted evidence "only where it

26 relates to the period on or before the date of the [ALJ] hearing decision."  *See* 20
   C.F.R. § 404.970(b).  Here, the ALJ entered his decision on May 10, 2011.
27 Accordingly, the ALJ need not consider any new evidence that relates to Plaintiff's

28 condition after May 10, 2011.  (*See, e.g.*, AR at 375-444.)

                                          4